UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  Case No. 6:16-cr-251-Orl-37GJK

STEVEN ARTHUR MORRILL

## ORDER

This criminal action is before the Court on consideration of two motions in limine filed by Defendant Steven Arthur Morrill on April 17, 2017. (*See* Docs. 37, 41.)

### BACKGROUND

On **December 7, 2016**, Steven Arthur Morrill ("**Morrill**") was indicted on one count of attempted child enticement in violation of 18 U.S.C. §2422(b) ("**Enticement Charge**"). (Doc. 9 ("**Indictment**").) The offense purportedly occurred in **November of 2016**, when Morrill responded to a Craigslist ad placed by an undercover FBI agent ("**Agent Kaufman**") concerning his fictional minor daughters ("**Daughters**"). No actual child was involved in the events leading to Morrill's Indictment.

On **April 17, 2017**, the day prior to jury selection, Morrill filed two motions in limine ("**MILs**"), which requested that the Court: (1) preclude the government from "marshalling evidence to support arguments that [Morrill] attempted to have sex or wanted to have sex with fictional minors" (*see* Doc. 37); and (2) redact from the documentary evidence any references to claimed acts of incest by Morrill and preclude any reference thereto by the Government (*see* Doc. 41). Upon consideration of the MILs

-1-

and the parties' arguments at trial, the Court denied both MILs from the bench. This Order briefly memorializes the reasons for such rulings.

## DISCUSSION

Relevant evidence is defined under Federal Rule of Evidence 401 as evidence that has "any tendency" to make a fact of consequence in determining the action "more or less probable than it would be without the evidence." Such evidence is admissible unless the U.S. Constitution, a federal statute, or the Federal Rules of Evidence provide otherwise. *See* Fed. R. Evid. 402. Federal Rule of Evidence 403 provides that Courts may exclude relevant evidence when the danger of "unfair prejudice," confusion, delay, waste of time, or misleading the jury outweighs the probative value of such evidence.

Within the U.S. Court of Appeals for the Eleventh Circuit, an Enticement Charge conviction may be based on evidence that the defendant attempted to persuade, induce or entice "sex with a minor through communications with an adult intermediary, by means of interstate commerce." *See United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004). Here, all of the evidence Morrill seeks to exclude tends to establish, *inter alia*, his intent to persuade, induce or entice unlawful sex with Agent Kaufman's Daughters, and it is clearly relevant to the attempt offense charged in the Indictment. Although not specifically raised, the Court conducted a Rule 403 analysis and denied both MILs from the Bench because it was not persuaded that the danger of *unfair* prejudice outweighed the high probative value of the evidence.

## CONCLUSION

In accordance with the Court's ruling from the Bench during the trial of this

matter, and for the reasons set forth herein, it is **ORDERED AND ADJUDGED** that:

(1) The Motion *In Limine* to Preclude Arguments that Mr. Morrill Attempted to Engage in Sexual Activity with a Minor (Doc. 37) is **DENIED**.

(2) The Motion *In Limine* to Preclude/Redact References to Mr. Morrill's Claims He Had Sex with His Sister and Daughter (Doc. 41) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 20, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record